Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T +1 212 918 3000
F +1 212 918 3100
www.hoganlovells.com

October 25, 2024

**Via ECF**

The Honorable Paul A. Engelmayer
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2201
New York, NY 10007

**Re: *Zhizhi Xu v. Reuters News & Media Inc.*, No. 1:24-cv-02466-PAE**

Dear Judge Engelmayer:

Defendant Reuters News & Media Inc. ("Reuters") respectfully submits this response to Plaintiff's Notice of Supplemental Authority (Dkt. 22). Plaintiff identifies *Shah, et al. v. Fandom, Inc.*, No. 24-cv-01062-RFL, 2024 WL 4539577 (N.D. Cal. Oct. 21, 2024), a recent decision from the District Court for the Northern District of California, as "relevant to the Parties' respective arguments regarding whether Plaintiff has stated a claim for a violation of Cal. Penal Code § 638.51."

Reuters would like to draw the Court's attention to the October 2, 2024 decision by the Honorable Mark E. Windham of the Superior Court of California, Los Angeles County in *Rodriguez v. Plivo Inc.*, No. 24STCV08972 (Cal.Super. Oct. 2, 2024), which is attached hereto as **Exhibit A**. The *Rodriguez* order is relevant to the Parties' arguments regarding whether Plaintiff has stated a claim for violation of CIPA's pen register provisions.

Following *Rodriguez*, the *Shah* order is now in conflict with ***two*** recent California state court decisions that reviewed the same issue and found the disclosure of IP addresses alone to be ***insufficient*** to establish a violation of CIPA § 638.51. *See Licea v. Hickory Farms LLC*, No. 23STCV26148, 2024 WL 1698147 (Cal.Super. Mar. 13, 2024) (granting motion to dismiss CIPA § 638.51 claim where plaintiff alleged disclosure of his IP address); *Rodriguez*, Ex. A (same). "Absent law from a state's highest court, a federal court sitting in diversity has to predict how the state court would resolve an ambiguity in state law." *Haar v. Nationwide Mut. Fire Ins. Co.*, 918 F.3d 231, 233 (2d Cir. 2019) (quotations and citation omitted). In doing so, the court must "give 'proper regard' to the relevant rulings of a state's lower courts." *In re Thelen LLP*, 736 F.3d 213, 219 (2d Cir. 2013) (citation omitted). In addition, defendant in *Shah* allegedly failed to dispute plaintiffs' statutory standing, and thus the court found this argument waived. *See Shah*, 2024 WL 4539577, at *5. Reuters, however, did dispute Plaintiff's statutory standing, arguing that Xu failed to identify any harm whatsoever resulting from the collection of his IP address. Dkt. 10 at 19-20; Dkt. 17 at 10.

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante Amsterdam Baltimore Berlin Beijing Birmingham Boston Brussels Colorado Springs Denver Dubai Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston Johannesburg London Los Angeles Luxembourg Madrid Mexico City Miami Milan Minneapolis Monterrey Munich New York Northern Virginia Paris Philadelphia Riyadh Rome San Francisco São Paulo Shanghai Silicon Valley Singapore Sydney Tokyo Warsaw Washington, D.C. Associated Offices: Budapest Jakarta Shanghai FTZ. Business Service Centers: Johannesburg Louisville. For more information see www.hoganlovells.com

Respectfully submitted,

*/s/ Jasmeet K. Ahuja*

*Counsel for Reuters News & Media Inc.*

CC: All counsel of record via ECF