Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T +1 212 918 3000
F +1 212 918 3100
www.hoganlovells.com

December 10, 2024

**Via ECF**

The Honorable Paul A. Engelmayer
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2201
New York, NY 10007

**Re: *Zhizhi Xu v. Reuters News & Media Inc.*, No. 1:24-cv-02466-PAE**

Dear Judge Engelmayer:

Defendant Reuters News & Media Inc. ("Reuters") respectfully submits as supplemental authority three recent decisions of the Superior Court of California, Los Angeles County: (1) *Casillas v. Transitions Optical, Inc.*, Case No. 23STCV30742, 2024 WL 4873370 (Cal.Super. Sep. 9, 2024), (2) *Rodriguez v. Fountain9, Inc*., Case No. 24STCV04504, 2024 WL 4905217 (Cal.Super. Nov. 21, 2024), and (3) *Palacios v. Office Depot, LLC*, Case No. 24STCV11977 (Cal.Super. Dec. 4, 2024). *Palacios* is attached hereto as Exhibit A. These decisions are relevant to the Parties' respective arguments regarding whether Plaintiff has stated a claim for a violation of the California Invasion of Privacy Act, Cal. Penal Code § 638.51 ("CIPA § 638.51"). Reuters also responds to Plaintiff's November 27, 2024 notice of supplemental authority identifying *Salazar v. National Basketball Association*, 118 F.4th 533 (2d Cir. 2024), as "relevant to the Parties' respective arguments regarding whether Plaintiff has alleged a concrete injury sufficient for Article III standing." Dkt. 24 at 1.

***Casillas v. Transitions Optical, Inc.*, Case No. 23STCV30742, 2024 WL 4873370 (Cal.Super. Sep. 9, 2024).**

In its motion to dismiss, Reuters cited an earlier decision in *Casillas* dismissing Casillas's first complaint. Dkt. 10. Since Reuter's motion to dismiss was filed, Casillas filed an amended complaint, continuing to allege a violation of CIPA § 638.51, which the California Superior Court again dismissed, this time without leave to amend. *See Casillas*, 2024 WL 4873370 at *1. The latest decision by the court in *Casillas* rejected the argument that the mere collection of an IP address by a website violates CIPA § 638.51, holding that "[t]he pen register statute did not, and does not, criminalize the process by which all websites communicate with all users who choose to access them. The terms of Penal Code section 638.50 make that clear." *Id.* at *4. The court determined that the collection of IP addresses did not fit the definition of a "pen register" and that, even if it did, it would fall under CIPA's exception for use to "operate, maintain and test an electronic communication service" or to "record the fact that an electronic communication was initiated." *Id.* (internal alterations omitted). The court further held that there was no invasion of privacy because people do not have a reasonable expectation of privacy in their IP addresses, citing both state and federal court decisions in support. *Id.* at *5-6.

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante Amsterdam Baltimore Berlin Beijing Birmingham Boston Brussels Colorado Springs Denver Dubai Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston Johannesburg London Los Angeles Luxembourg Madrid Mexico City Miami Milan Minneapolis Monterrey Munich New York Northern Virginia Paris Philadelphia Riyadh Rome San Francisco São Paulo Shanghai Silicon Valley Singapore Sydney Tokyo Warsaw Washington, D.C. Associated Offices: Budapest Jakarta Shanghai FTZ. Business Service Centers: Johannesburg Louisville. For more information see www.hoganlovells.com

***Rodriguez v. Fountain9, Inc*****., No. 24STCV04504, 2024 WL 4905217, at *1 (Cal.Super. Nov. 21, 2024).**

Reuters filed a notice of supplemental authority identifying *Rodriguez* on August 29, 2024. Dkt. 21. Like *Casillas*, the plaintiff in *Rodriguez* amended her complaint following dismissal, continuing to allege a violation of CIPA § 638.51, which the court again dismissed, this time without leave to amend. On the *Rodriguez* plaintiff's second go around, the court held that "Plaintiff fail[ed] to allege a concrete injury-in-fact" because "Plaintiff allege[d] that the only 'personal information' that Defendant collected was her IP address, which in itself provides no information about the user as it consists merely as a string of [n]umbers." *Id.* at *4. Further, the court found that plaintiff failed to demonstrate standing under *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190 (2021), since the "alleged injury is abstract and hypothetical because it is solely premised on statutory damages under CIPA." *Rodriguez*, 2024 WL 4905217, at *4.

***Palacios v. Office Depot, LLC*****, Case No. 24STCV11977 (Cal.Super. Dec. 4, 2024).**

In *Palacios*, plaintiff alleged that Office Depot violated CIPA § 638.51 because its website caused software to be installed on plaintiff's browser which collected her IP address without her consent. After a review of prior caselaw, the court dismissed the action, concluding "that there is no protected privacy interest in Plaintiff's IP address. Therefore, collecting that IP address cannot constitute an injury authorizing a suit under Penal Code section 637.2, subdivision (c)." *Id.*

These decisions bring the tally of California state court cases holding that a website's collection of a user's IP address is insufficient to state a claim under CIPA § 638.51 up to **<u>five</u>**. *See also Rodriguez v. Plivo, Inc*., Case No. 24STCV08972 (Cal.Super. Oct. 2, 2024) (Dkt. 23, Ex. A); *Licea v. Hickory Farms LLC*, No. 23STCV26148, 2024 WL 1698147 (Cal.Super. Mar. 13, 2024).

***Salazar v. National Basketball Association*****, 118 F.4th 533 (2d Cir. 2024).**

Plaintiff identified *Salazar* as "relevant to the Parties' respective arguments regarding whether Plaintiff has alleged a concrete injury sufficient for Article III standing." Dkt. 24 at 1. It is not. The court in *Salazar* decided whether the exchange of a user's email address, IP address, and other cookies associated with a user's device brought them within the definition of "subscriber" under the Video Privacy Protection Act, such that a company's sharing of *their video viewing history* could constitute a violation of the statute. Plaintiff's claims in *Salazar* were based on the alleged harm that resulted from the sharing of his video viewing history, not the mere disclosure of his IP address, which, standing alone, cannot identify a specific person.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Jasmeet K. Ahuja*

*Counsel for Reuters News & Media Inc.*

CC: All counsel of record via ECF