Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T +1 212 918 3000
F +1 212 918 3100
www.hoganlovells.com

February 12, 2025

**Via ECF**

The Honorable Paul A. Engelmayer
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2201
New York, NY 10007

**Re: *Zhizhi Xu v. Reuters News & Media Inc.*, No. 1:24-cv-02466-PAE**

Dear Judge Engelmayer:

Defendant Reuters News & Media Inc. ("Reuters") respectfully submits as supplemental authority two recent decisions of the Superior Court of California, Los Angeles County: (1) *Sanchez v. Cars.com, Inc*., No. 24STCV13201 (Cal.Super. Jan. 27, 2025), attached here to as **Exhibit A**, and (2) *Aviles v. LiveRamp, Inc*., No. 24STCV19869 (Cal.Super. Jan. 28, 2025), attached hereto as **Exhibit B**. These decisions are relevant to the parties' respective arguments regarding whether Plaintiff has stated a claim for a violation of the California Invasion of Privacy Act, Cal. Penal Code § 638.51 ("CIPA § 638.51"), the same provision at issue here. Reuters also responds to Plaintiff's February 4, 2025 notice of supplemental authority identifying *Carreiro v. EHM Productions, Inc*., Case No. 24STCV12462 (Cal.Super. Dec. 11, 2024) as "relevant to the Parties' respective arguments regarding whether Plaintiff has suffered an injury-in-fact sufficient for Article III standing and whether Plaintiff has stated a claim for a violation of Cal. Penal Code § 638.51." Dkt. 29 at 1.

***Sanchez v. Cars.com, Inc*., No. 24STCV13201 (Cal.Super. Jan. 27, 2025).**

In *Cars.com*, the court dismissed a CIPA § 638.51 claim involving a website operator's alleged disclosure of users' IP addresses to third-party advertising trackers. After reviewing the text of CIPA's pen register provision, as well as its legislative history, the court held that plaintiff failed to state a claim under CIPA § 638.51 because "the legislative history of the CIPA suggests that 'pen register' and 'track and trace devices' refer to devices or processes that are used to record or decode dialing, routing, addressing, or signaling information from telephone numbers, and *not internet communications such as websites.*" *Id.* at 5 (emphasis added). The court further held that plaintiff "has no reasonable expectation in the privacy of her computer's IP address since she chose to access the Website." *Id.* at 7.

***Aviles v. LiveRamp, Inc*., No. 24STCV19869 (Cal.Super. Jan. 28, 2025).**

In *LiveRamp*, the court dismissed a CIPA § 638.51 claim where the defendant website operator allegedly used tracking software to collect users' IP address, operating system name, browser name, geolocation data, and email address for third party advertising and analytics purposes. The court determined that the tracking software at issue did not fit the definition of a pen register because "the analog of the number dialed by a telephone here is the IP address and related

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante Amsterdam Baltimore Berlin Beijing Birmingham Boston Brussels Colorado Springs Denver Dubai Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston Johannesburg London Los Angeles Luxembourg Madrid Mexico City Miami Milan Minneapolis Monterrey Munich New York Northern Virginia Paris Philadelphia Riyadh Rome San Francisco São Paulo Shanghai Silicon Valley Singapore Sydney Tokyo Warsaw Washington, D.C. Associated Offices: Budapest Jakarta Shanghai FTZ. Business Service Centers: Johannesburg Louisville. For more information see www.hoganlovells.com

information of a website accessed by a computer — but *not the computer's own IP address or identifying information*." *Id.* at 5 (emphasis added). As the court explained, "[t]he problem with [plaintiff's] argument is that it is normal for websites to track the IP addresses of their visitors. . . . As Defendant points out . . . the Los Angeles Superior Court's own website contains a notice that it may collect and record the IP addresses of visitors. Without alleging that Defendant installed software on Plaintiff's device or browser that collected incoming contact information to Plaintiff's device, Plaintiff has not alleged anything above and beyond how the internet normally works." *Id.*

***Carreiro v. EHM Productions, Inc*., Case No. 24STCV12462 (Cal.Super. Dec. 11, 2024).**

Plaintiff identified *Carriero* as "relevant to the Parties' respective arguments regarding whether Plaintiff has suffered an injury-in-fact sufficient for Article III standing and whether Plaintiff has stated a claim for a violation of Cal. Penal Code § 638.51." It is not. The court in *Carriero* declined to address whether plaintiff had stated a claim under CIPA's pen register provision at the demurrer stage because "factual issues about how the alleged tracking devices actually work" was a matter "outside the scope of the pleadings and not subject to a demurrer." *Id.* at 4. To the extent the court in *Carriero* allowed plaintiff's CIPA § 638.51 to proceed, it is out of step with most California state court decisions addressing this issue.

The *Cars.com* and *LiveRamp* decisions are the latest in a clear line of ***eight*** California state court cases finding the disclosure of IP addresses alone insufficient to establish a violation of CIPA § 638.51. *See* Dkt. 27 (collecting cases). Reuters respectfully requests that this Court "give proper regard to" these rulings and apply their reasoning to the dispute at issue here. *Haar v. Nationwide Mut. Fire Ins. Co*., 918 F.3d 231, 233 (2d Cir. 2019) (quotations and citation omitted).

Respectfully submitted,

*/s/ Jasmeet K. Ahuja*

*Counsel for Defendant Reuters News & Media, Inc.*

CC: All counsel of record via ECF